IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IRISH ISLE PROVISION CO., INC., | : | Civ. No.  4:12-CV-00778 |
|  | : |  |
|  | : | (Judge Brann) |
| Plaintiff, | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| POLAR LEASING CO., INC., and | : |  |
| GO MINNIS, LLC | : |  |
|  | : |  |
| Defendants. | : |  |

**MEMORANDUM**
November 19, 2013

The present dispute between Irish Isle Provision Company, Inc. ("Plaintiff"

or "Irish Isle") and the defendants, Polar Leasing Company, Inc. ("Defendant" or

"Polar Leasing") and Go Minis, LLC, is before the Court on Polar Leasing's

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Def.'s

Mot. Dismiss, Dec. 4, 2012, ECF No. 30 [hereinafter Def.'s Mot.].  The Plaintiff

asserts claims for breach of contract, negligence, fraud, and negligent

misrepresentation, and also requests punitive damages and attorney's fees.  Pl.'s

Compl. ¶ 4, Apr. 25, 2012, ECF No. 1 [hereinafter "Pl.'s Compl."].  The Defendant

seeks to dismiss all claims—including the availability of punitive damages and

1

attorney's fees—except for the breach of contract claim.  Def.'s Mot., at 1.  The

Court retains diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Consequently,

Pennsylvania substantive law applies.  See, e.g., Erie R. Co. v. Tompkins, 304 U.S.

64, 91–92, 58 S. Ct. 817, 818, 82 L. Ed. 1188 (1938).

For the reasons that follow, the Polar Leasing's motion to dismiss is granted.

## I.    BACKGROUND

This case arises from the business relationship between Irish Isle and Polar

Leasing, which is based on a contract between the parties.  Irish Isle is a company

that provides provisions (wholesale and retail) for area restaurant and food service

companies.  Pl.'s Compl. ¶ 4.  Polar Leasing is a nationwide company that offers

refrigerated trailer solutions for businesses, such as Irish Isle.  Id. ¶ 5.

Sometime prior to May 2011, Irish Isle decided to repair the floor of a walk-

in freezer in its building.  Id. ¶ 6.  Irish Isle contacted Polar Leasing to rent a

mobile walk-in freezer to store its inventory while the repairs occurred.  Id. ¶ 7.

On or about May 24, 2011, the parties contracted that Polar Leasing, through its

agent Go Minis, LLC, would provide Irish Isle with an appropriate rental unit.  Id.

¶ 7–10.  At the time of the contract's negotiation and execution, Polar Leasing

agreed to "make it right" if Irish Isle suffered any losses as a result of the

arrangement.  Id. ¶ 11.  Irish Isle alleges that Polar Leasing reiterated this term of

their agreement on subsequent occasions as well.  Id.

According to their agreement, a mobile freezer was delivered to Irish Isle's premises on June 3, 2011.  Id. ¶ 12.  The Defendant's agent checked the freezer unit both inside and out to ensure it was operating properly and so informed Irish Isle; Irish Isle's employees then transferred their freezer's inventory to the mobile unit.  Id. ¶¶ 13–14.  Irish Isle was open a half day on June 4, 2011, and closed the following day, June 5, 2011.  Id. ¶ 15.

On the morning of June 6, 2011, the Plaintiff's owner checked the mobile unit and discovered that it was mistakenly operating on a refrigeration setting, rather than the freezer setting the parties had agreed on.  Id. ¶¶ 16–17.  As a result, Irish Isle alleges it lost approximately $75,000 in spoiled inventory and an untold amount of goodwill among its customers.  Id. ¶ 19.

Irish Isle then brought this action for breach of contract, negligence, fraud, and negligent misrepresentation.  Id. ¶¶ 25, 28, 33, 45.  Polar Leasing moved to dismiss the negligence, fraud, and negligent misrepresentation claims, but not the breach of contract claim.  Def.'s Mot., at 1.  The matter has been fully briefed and the Court now considers Polar Leasing's ripe motion to dismiss.

## II.    DISCUSSION

A.     MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).  Consequently, a plaintiff must plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted).

After Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler, 578 F.3d at 210 (internal quotations and citation omitted).  While the complaint "does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do."

4

Twombly, 550 U.S. at 555.

"In alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  When alleging fraud, a plaintiff must "[inject] precision and some measure of substantiation into their allegations of fraud."  Rolo v. City Invest. Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998).

B.    GIST OF THE ACTION DOCTRINE AND THE SUBSTANTIVE CLAIMS

Polar Leasing does not seek to dismiss Irish Isle's breach of contract claim at this juncture.  Rather, it argues that because Irish Isle's entire action is based on the contract and corresponding breach of contract claim, Irish Isle's other claims are barred by the "gist of the action" doctrine.  Def.'s Br. Supp. M. Dismiss 4–8, Dec. 4, 2012, ECF No. 31.

The "gist of the action" doctrine generally "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims."  eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).  "[T]he doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims."  Id.  "The important difference between contract actions and tort actions is that the latter lie from the breach of duties imposed as a matter of

5

social policy while the former lie for the breach of duties imposed by mutual consensus." Id. at 14 (quoting Redevelopment Auth. v. Int'l Ins. Co., 454 Pa. Super. 374, 685 A.2d 581, 590 (1996)); see also Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416, 418 (1964) ("To permit a promisee to sue his promisor in tort for breaches of contract *inter se* would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.").

Consequently, when the essential grounds of a plaintiff's complaint are centered on a breach of contract action and the alleged tort(s) have no independent basis but are fundamentally derived from the breach of contract, the gist of action doctrine bars those tort claims.[1] American Guar. and Lia. Ins. Co. v. Fojanini, 90 F. Supp. 2d 615, 622–23 (E.D. Pa. 2000). "In essence, the gist of the action test requires the court to focus on the substance of the dispute, or more colloquially, to ask the question, 'What's the case really about?'" Smith v. Lincoln Ben. Life Co.,

---

[1] As the court in American Guarantee and Liability Ins. Co. v. Fojanini, 90 F. Supp. 2d 615, 622–23 (E.D. Pa. 2000), explained:

> "Gist" is a term of art in common law pleading that refers to "the essential ground or object of the action in point of law, without which there would be no cause of action." *Black's Law Dictionary* 689 (6th ed. 1990). "Action" is defined by Black's Law Dictionary as "a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law . . . . *Id.* at 28. The "gist of the action" test, then, is a general test concerned with the "essential ground," foundation, or material part of an entire "formal complaint" or lawsuit.

395 Fed. Appx. 821, 823 (3d Cir. 2010) (internal quotations and citation omitted).

Courts have held that the doctrine bars tort claims: (1) "arising solely from a contract between the parties,"[2] (2) where "the duties allegedly breached were created and grounded in the contract itself,"[3] (3) where "the liability stems from a contract,"[4] or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."[5] eToll, Inc., 811 A.2d at 19.  "[A] tort claim is maintainable only if the contract is 'collateral' to conduct that is primarily tortious."  Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc., 40 F. Supp. 2d 644, 651 (W.D. Pa. 1999)

In a seminal case on this issue in Pennsylvania, eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 20–21 (Pa. Super. Ct. 2002), the court held that the gist of the action doctrine precluded a software developer from asserting fraud claims. The court found that all of the alleged acts of fraud arose during the course of the parties' contractual relationship, such "that the fraud claims [were] inextricably intertwined with the contract claims."  eToll, Inc., 811 A.2d at 21.

---

[2] Galdieri v. Monsanto Co., 245 F. Supp. 2d 636, 650 (E.D. Pa. 2002).

[3] Werner Kammann Maschinenfabrik, GmbH v. Max Levy Autograph, Inc., CIV.A. 01-1083, 2002 WL 126634, at *6 (E.D. Pa. Jan. 31, 2002).

[4] Asbury Automotive Group LLC v. Chrysler Inc. Co., 01-3319, 2002 WL 15925, at *3 (E.D. Pa. Jan. 7, 2002).

[5] Polymer Dynamics, Inc. v. Bayer, Corp., CIV. A. 99-4040, 2000 WL 1146622, at *6 (E.D. Pa. Aug. 14, 2000).

The Court now considers the Plaintiff's remaining claims in light of this analytical framework.

### 1.   Negligence Claim Dismissed

The Plaintiff asserts a claim for negligence, arguing that Polar Leasing negligently failed to provide the "agreed upon" mobile freezer and to ensure it worked properly.  Pl.'s Compl. ¶ 30.  This claim is barred by the gist of the action doctrine.  See, e.g., eToll, Inc., 811 A.2d at 15.

Irish Isle's negligence assertions "essentially duplicate a breach of contract claim."  Polymer Dynamics, Inc., 2000 WL 1146622, at *6.  Each duty the Plaintiff alleges the Defendant breached—namely, to provide a working freezer and to compensate for losses sustained from that failure—was established by the very terms of the contract agreement itself.  The Defendant owed no duty "imposed by law as a matter of social policy."  Bash v. Bell Tel. Co., 411 Pa. Super. 347, 601 A.2d 825, 829 (1992).  Where there is no tort duty, there can be no breach.  See id. As such, the Plaintiff's negligence claim is barred by the gist of the action doctrine and hereby dismissed.

### 2.   Negligent Misrepresentation & Fraud Claims Barred

Irish Isle also asserts a claim for both negligent misrepresentation[6] and fraud[7], alleging that Polar Leasing provided false and inaccurate information for guidance in the business transaction—specifically, that it was capable of performing on the contract as promised—and failed to exercise care and competency in advising Irish Isle of its rights by claiming it would "make right" any losses arising from their arrangement.  Pl.'s Compl. ¶¶ 33–34.  Courts employ a similar analysis when assessing the applicability of the gist of the action doctrine to these two types of claims, so this Court considers them together.  See, e.g., Victor Buyck Steel Const. v. Keystone Cement Co., CIV.A.09-2941, 2010 WL 1223594, at *2 n.4 (E.D. Pa. Mar. 30, 2010).

Courts have drawn a distinction between fraud in the performance claims, which are barred by the gist of the action doctrine in contract cases, and fraud in the inducement claims, which are not necessarily barred but may still be.  See, e.g.,

---

[6] To state a claim for negligent misrepresentation, a plaintiff must prove that defendant: (1) made a misrepresentation of a material fact; (2) under circumstances in which the misrepresented ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to the plaintiff acting in justifiable reliance on the misrepresentation.  Advance Capital Partners, LLC v. Rossmann, 495 F. App'x 235, 237 (3d Cir. 2012); Kramer v. Dunn, 749 A.2d 984, 991 (Pa. Super. Ct. 2000).

[7] To state a claim for fraud, a plaintiff must demonstrate by clear and convincing evidence that defendant: (1) made a representation; (2) that is material to the transaction; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the misrepresentation.  See, e.g., Hart v. Arnold, 884 A.2d 316, 343 (Pa. Super. Ct. 2005).

9

Foster v. Nw. Mut. Life, 02-CV-2211, 2002 WL 31991114, at *2–3 (E.D. Pa. July 26, 2002) (suggesting that fraud in the inducement is not necessarily barred by the doctrine because it is sometimes collateral to the terms of the contract itself); Sullivan v. Chartwell Inv. Partners, L.P., 873 A.2d 710, 719 (Pa. Super. Ct. 2005) (finding that a fraud in the inducement claim was collateral to contract performance such that the gist of the action did not bar it); eToll, Inc., 811 A.2d at 17 ("[F]raud in the inducement of a contract would not necessarily be covered by the doctrine because fraud to induce a person to enter into a contract is generally collateral to (i.e., not 'interwoven' with) the terms of the contract itself.").  The Supreme Court of Pennsylvania has not yet ruled on the issue, so courts "are thus left in a quandary," and have decided these cases in divergent fashion.  Vives v. Rodriguez, 849 F. Supp. 2d 507, 520–21 (E.D. Pa. 2012).

"The distinction between fraud in the performance claims and fraud in the inducement claims for application of the gist of the action doctrine 'becomes somewhat problematic . . . where the alleged misrepresentations that induce a contract also constitute promises that form the contract's terms.'"  Victor Buyck Steel Const., 2010 WL 1223594, at *2 (quoting A&L Precision Prods. v. Alloy Bellows & Precision Welding, Inc., CIV.A.07-0345, 2009 WL 2959608 (W.D. Pa. Sept. 14, 2009)).  The United States Court of Appeals for the Third Circuit believes

the doctrine "call[s] for a fact-intensive judgment as to the true nature of a claim."

Williams v. Hilton Grp. PLC,  93 Fed. Appx. 384, 385 (3d Cir. 2004); see also

Pediatrix Screening, Inc. v. Telechem Int'l, Inc., 602 F.3d 541, 550 (3d Cir. 2010);

Integrated Waste Solutions, Inc. v. Goverdhanam, No. 10-2155, 2010 WL 4910176

(E.D. Pa. Nov. 30, 2010).

For example, in Victor Buyck Steel Constr. v. Keystone Cement Co.,

CIV.A.09-2941, 2010 WL 1223594, at *2–3 (E.D. Pa. Mar. 30, 2010), the court

denied a motion to dismiss the plaintiff's fraud in the inducement claim because

the court needed more facts to determine the "gist" of the action.

Contrarily, in Penn City Invs., Inc. v. Soltech, Inc., CIV.A. 01-5542, 2003

WL 22844210, at *3 (E.D. Pa. Nov. 25, 2003), the court held the doctrine barred a

fraudulent inducement claim based on pre-contract statements because the

statements concerned specific duties that the parties later outlined in the contract.

Similarly, in Williams v. Hilton Group PLC, 93 Fed. Appx. 384, 386 (3d Cir.

2004), the Third Circuit held that the doctrine barred the plaintiff's fraud in the

inducement claims because the "gist of [the] claims sound[ed] in contract, not

tort."  This was so even when the defendant "induced [the plaintiff] into signing

the Letter of Intent and dealing with [the defendant] by lying about its intent to

honor the agreement."  Williams, 93 Fed. Appx. at 386 (internal quotations

omitted).

In <u>Vives v. Rodriguez</u>, 849 F. Supp. 2d 507, 521–22 (E.D. Pa. 2012), Judge

Stewart R. Dalzell crafted a cogent piece of legal reasoning from a close reading of

the <u>eToll</u> decision that this Court finds both applicable and persuasive.[8]  Judge

Dalzell compared the elements for a breach of contract[9] with the elements of fraud

and negligent misrepresentation, writing:

> [i]f a plaintiff can demonstrate that the defendant *knew*, at
> the time a contract was entered, that he did not intend to
> perform under that contract—thus satisfying [an] element
> of a fraudulent misrepresentation claim—then success in
> proving the elements of a claim for breach would
> necessarily produce success in prosecuting a fraud claim.
> Similarly, an inability to prove a contract claim—whether
> because no agreement was concluded, no breach
> occurred, or no injury resulted—would doom any fraud
> claim based on misrepresentation of the intent to
> perform.  Once a plaintiff proved that a defendant
> intended not to preform under a contract, any fraud
> claims would precisely duplicate any contract claims.
> Given this congruency between fraudulent inducement
> claims predicated on the intent to perform under a

---

[8] Other Federal District Courts in Pennsylvania have been similarly persuaded by this line of reasoning.  <u>See, e.g.</u>, <u>Oldcastle Precast, Inc. v. VPMC, Ltd.</u>, CIV.A. 12-6270, 2013 WL 1952090 (E.D. Pa. May 13, 2013) <u>reconsideration denied,</u> CIV.A. 12-6270, 2013 WL 3865112 (E.D. Pa. July 26, 2013) (dismissing a fraud claim barred by the doctrine); <u>Bengal Converting Servs., Inc. v. Dual Printing, Inc.</u>, CIV.A. 11-6375, 2012 WL 831965 (E.D. Pa. Mar. 13, 2012) (finding the gist of the action doctrine barred a fraud in the inducement claim when the claim involved a promise to perform on the contract).

[9] In Pennsylvania, a plaintiff states a claim for breach of contract by proving: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  <u>Vives</u>, 849 F. Supp. 2d at 521 (quoting <u>Omicron Systems, Inc v. Weiner</u>, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)) (internal quotations omitted).

> contract and claims for breach of that contract, <u>eToll</u>
> suggests that the former claims are barred by the gist of
> the action doctrine.

<u>Vives</u>, 849 F. Supp. 2d at 521.

A similar congruency exists between Irish Isle's breach of contract claim and the fraud and negligent misrepresentation claims in the case at bar. Irish Isle contends that the Defendant was aware or should have been aware that it allegedly could not provide the services agreed upon—services that it regularly provided in the course of conducting its business. Pl.'s Compl. ¶¶ 34–35, 38–39. Nevertheless, both the fact that the Defendant entered into the contract—aware of the accompanying legal obligations and consequences of breach—and its related statements evidence the Defendant's intent to be bound by the contract. <u>See, e.g.</u>, <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 757, 582, 584 (3d Cir. 2009) (discussing the objective standard for intent to be bound). Indeed, at this juncture the Defendant does not challenge Irish Isle's breach of contract claim, acknowledging it is "Plaintiff's only genuine claim." Def.'s Br. at 4–5, 8. Therefore, the gist of those allegations sounds as if fulfilling an element of a breach of contract claim, to which a fraud claim is duplicitous. <u>See</u> <u>Vives</u>, 849 F. Supp. 2d at 521.

Moreover, Defendant's promises to "make it right" are nothing more than

acknowledgments of the obligation to pay damages in the event of a breach of the contract between the parties.  Pl.'s Compl. ¶ 13.  The liability to "make it right" in the event of loss is a direct result of having entered into the contract—Defendant would have no duty to do so independent of the parties' contractual relationship. See eToll, 811 A.2d at 14–15.

        The Defendant's statements were merely articulations of its duties in the parties' contractual relationship—they do not demonstrate a relationship collateral to the contract as required to survive the gist of the action doctrine.  Foster, 2002 WL 31991114, at *2–3.  In fact, Plaintiff has not alleged that the parties' had any prior relationship or would have had a relationship but for this contract.  The alleged fraud concerns only "the performance of contractual duties," and the remedy in the event of a breach of contract.  Sullivan, 873 A.2d at 719.  The Plaintiff's single paragraph of tepid advocacy on this crucial point is not sufficient to persuade this Court otherwise.  See Pl.'s Br. Opp'n Def.'s M. Dismiss 3, Dec. 13, 2012, ECF No. 32. Therefore, these claims are inextricably interwoven with the contract such that the cause of action sounds in contract, not in tort, and are consequently barred by the gist of the action doctrine.  See eToll, 811 A.2d at 17.[10]

_____

        [10] The Court is cognizant that it must exercise caution deciding this issue on a motion to dismiss.  See, e.g., Victor Buyck Steel Constr., 2010 WL 1223594, at *2–3.  Nevertheless, the two facts relied on by the Plaintiff are so inextricably interwoven with the contract, concerning only the duty to perform established by the contract and the obligation to compensate for breach,

3.      Plaintiff Not Entitled to Punitive Damages or Attorney's Fees

Irish Isle also requests punitive damages and attorney's fees and costs.  Pl.'s
Compl. ¶ 45.  Plaintiff's only surviving claim is the breach of contract action.
Punitive damages are not available in an action sounding solely in breach of
contract.  Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 147 (3d Cir. 2000)
(Alito, J.); Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa. Super. 1997)
("[P]unitive damages are not recoverable in an action solely based upon breach of
contract.").  Consequently, Plaintiff's claims for punitive damages are dismissed.

Moreover, absent a fee shifting provision in the contract, attorney's fees and
costs are generally not recoverable in a breach of contract action because the
traditional American rule applies.  See, e.g., Cooper v. Ficarra,  CIV.A. 96-7520,
1998 WL 103301, at * 1–2 (E.D. Pa. Feb. 26, 1998).  The Plaintiff does not allege
the existence of a fee shifting provision in this case, nor does it allege any other
basis for this claim to remain in light of those claims dismissed.  See generally
Pl.'s Compl.  The Plaintiff's claims for attorney's fees and costs are therefore
dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the claims

---

that further facts would not change the gist of this action.

discussed is granted.  An appropriate Order follows.


BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge